UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER TADDEO,

                      Plaintiff,                      **ANSWER TO COMPLAINT**

  - against -

                                                                08 CV 01561

NATIONAL RAILROAD PASSENGER
CORPORATION,
                     Defendant.
------------------------------------------------------------X

       Defendant National Railroad Passenger Corporation, by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

## ANSWER AS TO JURISDICTION

       1.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "First" of the Complaint and states that the Court also has jurisdiction pursuant to 28 USC §1331, 1441(b) and refers all matters of all law to the Court.

       2.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Second" of the Complaint and refers all matters of all law to the Court.

       3.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Third" of the Complaint and refers all matters of all law to the Court.

       4.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Fourth" of the Complaint except admits that Defendant National Railroad Passenger Corp. (hereinafter "AMTRAK") is a foreign corporation with its principal place of business in Washington, D.C.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Fifth" of the Complaint.

## ANSWER AS TO FACTS COMMON TO ALL CAUSES OF ACTION

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Sixth" of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Seventh" of the Complaint and refers all matters of all law to the Court.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Eighth" of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Ninth" of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Tenth" of the Complaint.

11. Defendant denies the truth of each and every allegation contained in paragraph "Eleventh" of the Complaint.

12. Defendant denies the truth of each and every allegation contained in paragraph "Twelfth" of the Complaint.

13. Defendant denies the truth of each and every allegation contained in paragraph "Thirteenth" of the Complaint.

## ANSWER AS TO THE FIRST CAUSE OF ACTION

14. With respect to the allegations contained in paragraph "Fourteenth" of the Complaint,

defendant repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Thirteenth" of this Answer with the same force and effect as if fully set forth at length herein.

15. Defendant denies the truth of each and every allegation contained in paragraph "Fifteenth" of the Complaint.

16. Defendant denies the truth of each and every allegation contained in paragraph "Sixteenth" of the Complaint.

17. Defendant denies the truth of each and every allegation contained in paragraph "Seventeenth" of the Complaint.

## ANSWER AS TO THE SECOND CAUSE OF ACTION

18. With respect to the allegations contained in paragraph "Eighteenth" of the Complaint, defendant repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Seventeenth" of this Answer with the same force and effect as if fully set forth at length herein.

19. Defendant denies the truth of each and every allegation contained in paragraph "Nineteenth" of the Complaint.

20. Defendant denies the truth of each and every allegation contained in paragraph "Twentieth" of the Complaint.

21. Defendant denies the truth of each and every allegation contained in paragraph "Twenty-First" of the Complaint.

22. Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Second" of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twenty-Third" of the Complaint

24. Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Fourth" of the Complaint.

### ANSWER AS TO THE SECOND CAUSE OF ACTION

25. With respect to the allegations contained in paragraph "Twenty-Fifth" of the Complaint, defendant repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Twenty-Fourth" of this Answer with the same force and effect as if fully set forth at length herein.

26. Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Sixth" of the Complaint.

27. Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Seventh" of the Complaint.

28. Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Eighth" of the Complaint.

29. Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Ninth" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

30. Any injuries suffered by plaintiff were caused solely by her own negligence and not by any negligence of the defendant.

### SECOND AFFIRMATIVE DEFENSE

31. Any injuries suffered by plaintiff were caused, in part, by her own negligence, and any

recovery by plaintiff must be diminished in proportion to that part of her injuries attributable to her own negligence.

### THIRD AFFIRMATIVE DEFENSE

32. Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendant or any individual acting under its direction or control.

### FOURTH AFFIRMATIVE DEFENSE

33. If plaintiff has sustained any damages in this matter, which defendant denies, then defendant's liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

### FIFTH AFFIRMATIVE DEFENSE

34. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

35. Plaintiff fails to state a cause of action upon which relief may be granted.

**WHEREFORE**, defendant NATIONAL RAILROAD PASSENGER CORPORATION demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
May 2, 2008

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Ronald E. Joseph (RJ9302)
Attorneys for Defendant

460430.1 DocsNY

NATIONAL RAILROAD PASSENGER
CORPORATION
120 Broadway, 27th Floor
New York, New York  10271-0079
(212) 238-4800


TO:   Law Offices of Michael Flynn, PC
      Attorneys for Plaintiff
      1205 Franklin Avenue
      Garden City, NY 11530
      (516) 877-1234

460430.1 DocsNY

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

  **RYAN NEW**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

  That on the 2nd day of May, 2008, deponent served the within **ANSWER TO COMPLAINT** upon:

    Law Offices of Michael Flynn, PC
    1205 Franklin Avenue
    Garden City, NY 11530

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                     _____
                       Ryan New

Sworn to before me this
2nd day of May, 2008

_____
  Notary

ARJAY G. YAO
Notary Public, State of New York
No. 02YA6175163
Qualified in Kings County
Commission Expires Oct. 9, 2011