UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHRISTOPHER TADDEO,

       Plaintiff,                               08 Civ. 1561 (SHS)

  -against-

                                                  AMENDED COMPLAINT

NATIONAL RAILROAD PASSENGER CORP. d/b/a
AMTRAK; DMJM HARRIS and
HI-TECH BREAKING INC.,

       Defendant.
------------------------------------------------------------------------X

<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>

      Plaintiffs CHRISTOPHER TADDEO (hereinafter "Plaintiff"), by his attorneys, Law Offices of Michael Flynn, PC, complain of the defendant and alleges:

**JURISDICTION**

      <u>FIRST</u>:      Jurisdiction of the Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 and the Court's ancillary jurisdiction.

      <u>SECOND</u>:      The amount in controversy exceeds the jurisdictional limits of this Court, exclusive of costs and interest.

      <u>THIRD</u>:      Plaintiff CHRISTOPHER TADDEO is a resident of the State of New York, residing in Richmond County, NY.

      <u>FOURTH</u>:      Defendant NATIONAL RAILROAD PASSENGER CORP. (hereinafter "AMTRAK") is a foreign corporation with its principal place of business located at 60 Massachusetts Avenue, Washington, D.C.

      <u>FIFTH</u>:      Defendant AMTRAK operates passenger trains in interstate commerce and maintained, operated and controlled Pennsylvania Station, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant

operated engines, trains and cars under its control and direction within the jurisdiction of the Southern District of New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

SIXTH: On or before June 18, 2007, AMTRAK requested and directed certain vendors, including Skanska USA Civil North East, Inc. ("Slattery-Skanska") herein to perform work that involved, *inter alia,* construction work in and around a tunnel known as East River Tunnel 1 connecting Queens and New York counties, including the shafts leading to the tunnel servicing Pennsylvania Station, New York, all owned and operated by defendant AMTRAK.

SEVENTH: On or before June 18, 2007, AMTRAK entered into a written contract with Slattery Skanska to provide electrical services with regard to Tunnel 1 and its shaft.

EIGHTH: On or about June 18, 2007 and at all times relevant, Slattery Skanska was requested by AMTRAK to be at the Accident Site for construction related purposes.

NINTH: On or about June 18, 2007 and at all times relevant, Plaintiff CHRISTOPHER TADDEO worked as a drill runner for Slattery Skanska.

TENTH: On or about June 18, 2007, Plaintiff was working in defendant AMTRAK'S First Avenue vent shaft to East River Tunnel 1 at 33rd Street in New York City as a drill runner on behalf of Skanska Slattery (hereinafter "Accident Site").

ELEVENTH: On or about June 18, 2007, Plaintiff incurred an electrical shock as a result of the negligence of Amtrak in failing to control water leakage; in failing to bond and ground electrical lines in the East River Tunnel.

TWELFTH: At the time Plaintiff was shocked, he was lawfully at the Accident Site within the scope of his employ with Slattery Skanska.

THIRTEENTH: As a result of the electrical shocking, Plaintiff was caused to suffer severe and disabling injuries.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST AMTRAK
(Negligence)

FOURTEENTH:    Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

FIFTEENTH:  Plaintiff CHRISTOPHER TADDEO's injuries were caused solely due to the negligence of AMTRAK: in failing to inspect, maintain, repair, bond and ground electrical lines; in failing to repair known arcing problems at and near the Accident Site; in failing to control water leakage at or near the accident site; and, in failing to enact and enforce safety, maintenance, operating and inspection rules, regulations procedures and practices which would have prevented plaintiffs' injuries.

SIXTEENTH: Plaintiffs' injuries were caused solely by the negligence of AMTRAK without any negligence on the part of the plaintiffs contributing thereto.

SEVENTEENTH:    As a result of AMTRAK's negligence, plaintiff CHRISTOPHER TADDEO is entitled to an award of at least ONE MILLION DOLLARS ($1,000,000).

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST AMTRAK
(Gross Negligence)

EIGHTEENTH:    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

NINETEENTH:    Upon information and belief, AMTRAK knew prior to the Accident Site was the subject of arcing incidents prior to the accident in question.

TWENTIETH:    After knowing that the Accident Site was the subject of arcing incidents prior to the accident in question and without repairing the cause of the arcing, AMTRAK advised Slattery Skanska that it was safe to work in the area.

TWENTY-FIRST:    AMTRAK's statement that work could resume in or near the Accident Site without repairing the cause of the arcing was a wanton, reckless and willful disregard for the safety of the plaintiff and the general public.

TWENTY-SECOND: AMTRAK's conduct as described above constituted gross negligence.

TWENTY-THIRD: Plaintiff reasonably relied on AMTRAK'S statements and conduct in performing work at the accident site.

TWENTY-FOURTH: As a result of AMTRAK's gross negligence, plaintiff CHRISTOPHER TADDEO is entitled to an award of damages of at least ONE MILLION DOLLARS ($1,000,000), as well as an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST AMTRAK
(Res Ipsa Loquitur)

TWENTY-FIFTH: Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

TWENTY-SIXTH: The incident causing Plaintiff's injuries would not have occurred in the absence of negligence.

TWENTY-SEVENTH: The incident causing Plaintiff's injuries was caused by an agency or instrumentality within the exclusive control of AMTRAK.

TWENTY-EIGHTH: The incident causing Plaintiff's injuries was not due to any voluntary action or contribution on the part of plaintiff.

TWENTY-NINTH: As a result of AMTRAK's negligence, Plaintiff CHRISTOPHER TADDEO is entitled to an award of at least ONE MILLION DOLLARS ($1,000,000).

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DMJM HARRIS

THIRTIETH: Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

THIRTY-FIRST: At all times relevant to his action, defendant DMJM Harris is a corporation doing business in the State of new York, having a business address of 605 Third Avenue, New York, NY 10158.

THIRTY-SECOND: At all times relevant to his action, DMJM Harris acted as engineering consultants, site safety engineers, and/or contractors, and/or supervisors at the work location including the location of the incident.

THIRTY-THIRD: By virtue of such, DMJM Harris assumed and owed plaintiff a duty to not subject him to extraordinary dangers known to it, while plaintiff was performing his required job duties, at the work location and breached such duty.

THIRTY-FOURTH: DMJM Harris knew, or should have known, with substantial certainty that its conduct of allowing plaintiff to work under the conditions described above, subjected plaintiff to a likelihood of serious injury or death.

THIRTY-FIFTH: DMJM Harris owed plaintiff a duty to maintain a reasonably safe work site and breached such duty.

THIRTY-SIXTH: DMJM Harris owed plaintiff a duty to administer safety procedures and to coordinate and ensure job safety, and breach such duty.

THIRTY-SEVENTH: DMJM Harris owed plaintiff a duty to protect him from extreme dangers on the job site and at the work location, of which it was aware or should have been aware, and/or to prevent plaintiff from being assigned to work in a zone of known extreme electrocution hazard ie. The location of the incident, and breached such duties.

THIRTY-EIGHTH: As a direct and proximate cause of the acts and/or omissions on the part of DMJM Harris, and of the breaches of duty described above, DMJM Harris caused plaintiff to suffer economic, physical and emotional damages, including but not limited to pain and suffering, personal injury, emotional distress, permanent disability, and past and future loss of income.

THIRTY-NINTH: The acts and omissions of DMJM Harris constituted gross negligence and/or were willful, wanton and egregious in their nature.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST HI-TECH BREAKING INC.**

FORTIETH:   Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

FORTY-FIRST:   At all times relevant to his action, defendant Hi-Tech Breaking Inc. was a corporation doing business in the State of New York, having a business address of 528 Bryant Avenue, Bronx, NY 10474.

FORTY-SECOND:   At all times relevant to his action, Hi-Tech Breaking Inc. was primary project consultant and/or general contractor, and/or subcontractor, at the work location.

FORTY-THIRD:   By virtue of such, Hi-Tech Breaking Inc. owed plaintiff a duty to protect him from extreme dangers on the job site and at the work location of which it was aware or should have been aware, and/or to prevent plaintiff from being assigned to work in a zone of known extreme electrocution hazard ie. the location of the incident, and breached such duties.

FORTY-FOURTH:   Hi-Tech Breaking Inc. knew, or should have known, with substantial certainty that its conduct of allowing plaintiff to work under the conditions described above, subjected plaintiff to a likelihood of serious injury or death.

FORTY-FIFTH:   Hi-Tech Breaking Inc. owed plaintiff a duty to maintain a reasonably safe work site and breach such duty.

FORTY-SIXTH:   Hi-Tech Breaking Inc. owed plaintiff a duty to administer safety procedures and to coordinate and ensure job safety and breached such duty.

FORTY-SEVENTH:   Hi-tech Breaking Inc. owed plaintiff a duty to protect him from kown extreme dangers on the job site and at the work location, and to prevent plaintiff from being assigned to work in a zone of known extreme electrocution hazard ie. the location of the incident, and breached such duties.

FORTY-EIGHTH:   As a direct and proximate cause of the acts and/or omissions on the part of Hi-Tech Breaking Inc. and of the breaches of duty described above, Hi-Tech Breaking Inc. caused

plaintiff to suffer economic, physical and emotional damages, including but not limited to pain and suffering, personal injury, emotional distress, permanent disability, and past and future loss of income.

  <u>FORTY-NINTH:</u>  The acts and omissions of Hi-Tech Breaking Inc. constituted gross negligence and/or were willful, wanton and egregious in their nature.

  **WHEREFORE**, plaintiff demand's judgment on the

| | |
|---|---|
| First Cause of Action in the sum of | ONE MILLION DOLLARS ($1,000,000); |
| Second Cause of Action in the sum of | ONE MILLION DOLLARS ($1,000,000) plus punitive damages; |
| Third Cause of Action in the sum of | ONE MILLION DOLLARS ($1,000,000); |
| Fourth Cause of Action in the sum of | ONE MILLION DOLLARS ($1,000,000); Plus punitive damages; |
| Fifth Cause of Action in the sum of | ONE MILLION DOLLARS ($1,000,000); Plus punitive damages; |

and plaintiff demands costs, disbursements and pre-judgment and post-judgment interest on all causes of action, plus such other and further relief as is deemed proper.

        Law Offices of Michael Flynn, PC
        Attorneys for Plaintiff
        1205 Franklin Avenue
        Garden City, NY 11530
        (516) 877-1234


       By:_____
         Michael Flynn

AO 440 (Rev. 5/85) Summons in a Civil Action
=======================================================================

# UNITED STATES DISTRICT COURT

_____SOUTHERN_____ District of_____NEW YORK_____

CHRISTOPHER TADDEO,

                   Plaintiff,             **SUMMONS IN A CIVIL ACTION**

                **V.**                        CASE NUMBER:  08 Civ. 1561 (SHS)

NATIONAL RAILROAD PASSENGER CORP.,

                   Defendant.


**TO:** (Name and Address of Defendant)

| National Railroad Passenger Corp. | DMJM Harris | Hi-Tech Breaking, Inc. |
|---|---|---|
| 400 W. 31st Street | 605 Third Avenue | 528 Bryant Avenue |
| New York, NY 10001 | New York, NY 10158 | Bronx, NY 10474 |

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY (name and address)

      Michael Flynn, Esq. (MF7150)
      Law Offices of Michael Flynn, PC
      1205 Franklin Avenue
      Garden City, NY 11530
      (516) 877-1234

an answer to the complaint, which is herewith upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_____             _____
CLERK                                                             DATE

_____
BY DEPUTY CLERK

AO 440 (Rev. 5/85) Summons in a Civil Action

_____

## RETURN OF SERVICE

_____
                                                                                  DATE

Service of the Summons and Complaint was made by me[1]     _____

NAME OF SERVER                                                      TITLE

Check the box below to indicate appropriate method of service

[ ]    Served personally upon the defendant. Place where served: _____

[ ]    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

[ ]    Returned unexecuted: _____

[ ]    Other (specify): _____

_____

### STATEMENT OF SERVICE FEES

_____

TRAVEL                     SERVICES                   TOTAL

### DECLARATION OF SERVER

_____

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
            DATE                           SIGNATURE OF SERVER

                                                         ADDRESS OF SERVER

1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.