UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTOPHER TADDEO

                Plaintiff,

NATIONAL RAILROAD PASSENGER
CORP., d/b/a AMTRAK, DMJM HARRIS,
& HI-TECH BREAKING, INC.,

                Defendants.
-------------------------------------------------------------X

CIVIL ACTION NO.:
08-CV-1561 (SHS)

ANSWER, AFFIRMATIVE
DEFENSES AND CROSS-
CLAIMS

Defendant, DMJM+HARRIS, INC., i/s/h/a DMJM HARRIS, by its attorneys, COLLERAN, O'HARA & MILLS L.L.P. answers the allegations contained in the Complaint as follows:

## JURISDICTION AND VENUE

1. With respect to the allegations contained in Paragraph "1" of the complaint, admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to the statutes cited, but denies that Plaintiff's claim arises under diversity jurisdiction or the Court's ancillary jurisdiction.

2. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "SECOND" of the Complaint.

3. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "THIRD" of the Complaint.

4. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FOURTH" of the Complaint.

5. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FIFTH" of the Complaint.

1

6. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "SIXTH" of the Complaint.

7. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "SEVENTH" of the Complaint

8. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "EIGHTH" of the Complaint.

9. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "NINTH" of the Complaint.

10. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TENTH" of the Complaint.

11. Denies the truth of the allegations contained in Paragraph "ELEVENTH" of the Complaint.

12. Denies the truth of the allegations contained in Paragraph "TWELFTH" of the Complaint.

13. Denies the truth of the allegations contained in Paragraph "THIRTEENTH" of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

14. Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "FIRST" through "THIRTEENTH" as if more fully and completely restated herein.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FIFTEENTH" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "SIXTEENTH" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "SEVENTEENTH" of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

18. Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraph "FIRST" through "SEVENTEENTH" as if more fully and completely restated herein

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "NINETEENTH" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTIETH" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-FIRST" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-SECOND" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-THIRD of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-FOURTH" of the Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

25. Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "FIRST" through "TWENTY-FOURTH" as if more fully and completely restated herein

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-SIXTH" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-SEVENTH" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-EIGHTH" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-NINTH" of the Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

30. Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "FIRST" through "TWENTY-NINTH" as if more fully and completely restated herein.

31. Denies the truth of the allegations contained in Paragraph "THIRTY-SECOND" of the Complaint.

32. Admits that DMJM+HARRIS, INC. was a New York corporation with offices located at 605 Third Avenue, New York, New York 10158.

33. Denies the truth of the allegations contained in Paragraph "THIRTY-THIRD" of the Complaint.

34. Denies the truth of the allegations contained in Paragraph "THIRTY-FOURTH" of the Complaint.

35. Denies the truth of the allegations contained in Paragraph "THIRTY-FIFTH" of the Complaint.

36. Denies the truth of the allegations contained in Paragraph "THIRTY-SIXTH" of the Complaint.

37. Denies the truth of the allegations contained in Paragraph "THIRTY-SEVENTH" of the Complaint.

38. Denies the truth of the allegations contained in Paragraph "THIRTY-EIGHTH" of the Complaint.

39. Denies the truth of the allegations contained in Paragraph "THIRTY-NINTH" of the Complaint.

### ANSWER TO THE FIFTH CAUSE OF ACTION

40. Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "FIRST" through "THIRTY-NINTH" as if more fully and completely restated herein.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-FIRST" of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-SECOND" of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-THIRD" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-FOURTH" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-FIFTH" of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-SIXTH" of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-SEVENTH" of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-EIGHTH" of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-NINTH" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50. The Complaint fails to state a cause of action as against the answering defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51. This Court lacks subject matter jurisdiction of the claims alleged in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. Any damage or damages sustained by the Plaintiff was not caused by any negligence or carelessness on the part of this answering defendant, its servants, agents or employees, but was caused solely by the negligence and carelessness of the Plaintiff and that

such conduct requires diminution of any award, verdict, or judgment that the Plaintiff may recover against this answering defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53. This answering defendant did not direct or control the means or methods utilized by the Plaintiff to perform the activity during which his claimed injury occurred and therefore any damages sustained by the Plaintiff were not caused by any negligence or carelessness on the part of this answering defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. The Plaintiff assumed the risk of all the dangers attendant upon the activity in which Plaintiff was engaged at the time of the alleged accident and is, therefore, barred from recovering on the claim asserted. That all the damages and risks incident to the situation mentioned in the Complaint were open, obvious and apparent and were known and assumed by the Plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. The negligence of a third person or entity over whom the answering defendant had/has no control, was a superseding cause of his alleged injuries and insulates answering defendant from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

56. In the event that it is determined that Plaintiff is entitled to damages, the amount of damages shall be reduced and diminished based on his own culpable conduct and/or failure to mitigate damages.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

57. Any damage or damages sustained by the Plaintiff was not caused by any negligence or carelessness on the part of this answering defendant, its servants, agents or employees, but was caused solely by the Plaintiff's failure to use safety devices that were provided by the owner and/or his employer.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58. If Plaintiff has sustained any damages in this matter, which answering Defendant denies, then answering Defendant's liability, if any, shall be limited in accordance with Article 16 of New York Civil Practice Laws and Rules.

### CROSS-CLAIMS AGAINST ALL CO-DEFENDANTS
### AS AND FOR A FIRST CROSS-CLAIM

59. Any damages sustained by the Plaintiff was caused in whole or in part by the acts or omissions or culpable conduct of the other defendants, who are or may be liable to the answering defendant for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract between them, actual or implied, and not due in whole or in part to any act or omission or culpable conduct on the part of this answering defendant.

### AS AND FOR A SECOND CROSS-CLAIM

60. That if Plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendant is liable to Plaintiff herein, all of which is specifically denied, then said answering defendant is entitled to indemnification from and judgment over against the co-defendants, for all or part of any verdict or judgment that Plaintiff may recover against said answering defendant.

## AS AND FOR A THIRD CROSS-CLAIM

61. The answering defendant herein demands that the liability, if any, be apportioned and, therefore, the co-defendants will be liable to this answering defendant in the event judgment is recovered by the Plaintiff in an amount equal to the excess over and above this answering defendant's equitable share of the judgment. The equitable share of the judgment of the answering defendant will be determined in accordance with the relative culpability of all the defendants minus the culpable share of the Plaintiff.

**WHEREFORE**, the answering defendant, DMJM+HARRIS, INC., respectfully requests that this Court grant Judgment dismissing the Complaint against it, and award DMJM+HARRIS, INC., the costs and disbursements of this action, and further demands that the ultimate rights of all the parties be determined in this action and that the answering defendant, DMJM+HARRIS, INC. have judgment over and against the above named co-defendants for all or part of any verdict against this answering defendant, together with costs and disbursements and attorneys' fees of this action and for such other and further relief as to the Court may deem seem just and proper.

Dated: June 6, 2008

COLLERAN, O'HARA & MILLS, L.L.P.

By: _____
JOHN STACKPOLE GROARKE (JG-9031)
Attorney for Defendant,
DMJM+HARRIS, INC.
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757

TO:  LAW OFFICES OF MICHAEL FLYNN, P.C.
     Attorneys for Plaintiff
     1205 Franklin Avenue
     Garden City, New York 11530
     (516) 877-1234

     LANDMAN, CORSI, BALLAINE & FORD, PC
     Attorneys for Defendant AMTRAK
     120 Broadway, 27th Floor
     New York, New York 10271-0079
     (212) 238-4800

     HI-TECH BREAKING, INC.
     528 Bryant Avenue
     Bronx, New York 10474