UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CHRISTOPHER TADDEO,

                      Plaintiff,

NATIONAL RAILROAD PASSENGER
CORP., d/b/a AMTRAK, DMJM HARRIS,
HI-TECH BREAKING, INC.

                      Defendants.
--------------------------------------------------------X
DMJM HARRIS,

           Defendant/Third-Party Plaintiff,

           vs.

SKANSKA USA CIVIL NORTHEAST INC.,
and ILLINOIS NATIONAL INSURANCE CO.,

           Third-Party Defendants.

--------------------------------------------------------X

**CIVIL ACTION NO.:**
08-CV-1561(SHS)

**THIRD-PARTY COMPLAINT**

Defendant/Third-Party Plaintiff, DMJM+HARRIS, INC., i/s/h/a DMJM HARRIS ("DMJM") by their attorneys, COLLERAN, O'HARA & MILLS L.L.P. as and for a Third-Party Complaint against the Third-Party Defendants, SKANSKA USA CIVIL NORTHEAST INC., formerly known as SLATTERY SKANSKA, INC. ("SKANSKA") and ILLINOIS NATIONAL INSURANCE CO., ("ILLINOIS NATIONAL") state upon information and belief as follows:

## PARTIES

1.    The above captioned action was commenced by Plaintiff, CHRISTOPHER TADDEO ("TADDEO") against among others Defendant/Third-Party Plaintiff, DMJM. A copy of TADDEO's summons and complaint are annexed hereto as Exhibit "A".

2.      At all times hereinafter mentioned, Defendant/Third-Party Plaintiff, DMJM was a New York corporation with an office and place of business at 605 3rd Avenue, New York, New York.

3.      At all times hereinafter mentioned, Third-Party Defendant SKANSKA was and is a New York corporation with an office and place of business at 16-16 Whitestone Expressway, Whitestone, New York 11357

4.      At all times hereinafter mentioned Third-Party Defendant ILLINOIS NATIONAL was and is a insurance corporation incorporated under the laws of the State of Illinois with an office and place of business at 70 Pine Street, New York, New York.

5.      At all times hereinafter mentioned Third-Party Defendant ILLINOIS NATIONAL was an affiliate, subsidiary and/or member company of American International Group, Inc.

## JURISDICTION AND VENUE

6.      This Court has supplemental jurisdiction over this third-party action pursuant to 28 U.S.C. § 1367 and Fed. R. Civ. P. 14.

7.    -  This Court has personal jurisdiction over the Third-Party Defendants because the matter in controversy arose in this jurisdiction and venue.

## BACKGROUND

8.      On or about May 16, 2008, TADDEO served an Amended Complaint against Defendants NATIONAL RAILROAD PASSENGER CORP. d/b/a AMTRAK, HI-TECH BREAKING INC., and Defendant/Third-Party Plaintiff, DMJM to recover damages for personal injuries alleged to have been sustained on June 18, 2007 as a result of accident that occurred on the project known as "Rehabilitation of East River Tunnels and Structures, 1st Avenue Ventilation Shaft, Manhattan, New York ("Project"). See Plaintiff's Amended Complaint

2

attached as Exhibit "A". The Amended Complaint alleges that DMJM was negligent and responsible for Plaintiff's injuries because DMJM was the site safety engineer responsible to coordinate and ensure job safety. (See Exhibit "A" at ¶ 32-39).

9. Defendant/Third-Party Plaintiff DMJM answered the Amended Complaint essentially denying the allegations contained therein. A copy of DMJM+HARRIS, INC.'s Answer is annexed as Exhibit "B".

10. Defendant/Third-Party Plaintiff DMJM entered into a contract with Defendant AMTRAK to provide Construction Management Services for the Project. DMJM as the Construction Manager, pursuant to its contract with AMTRAK was acting as AMTRAK'S agent with respect to its safety review responsibilities for the Rehabilitation of East River Railroad Tunnels and Structures at 1st Avenue project.

11. At all times hereinafter mentioned and particularly on June 18, 2007, Third-Party Defendant, SKANSKA was engaged as a general contractor pursuant to a written contract with Defendant, AMTRAK for construction services at the "Rehabilitation of East River Tunnels and Structures, 1st Avenue Ventilation Shaft, Manhattan, New York project and was primarily responsible for Project safety.

12. Pursuant to its contract with AMTRAK, Third-Party Defendant, SKANSKA agreed to indemnify and hold harmless AMTRAK and its agents, servants, employees irrespective of any negligence or fault on their part from any and all causes of action which they may be responsible for or pay as a result of injury arising out of or in any degree directly or indirectly caused by or resulting from activities of or work performed by SKANSKA or its officers, employees, agents, subcontractors.

3

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST SKANSKA USA CIVIL NORTHEAST INC.

13.    The Defendant/Third-Party Plaintiff DMJM repeats, reiterates and realleges each and every allegation heretofore alleged with the same force and effect as if more fully set forth herein.

14.    At all times mentioned herein, Third-Party Defendant, SKANSKA, performed construction work at the site in question, and was in charge of the construction work and exercised exclusive supervision over the construction work performed by its agents, servants and/or employees.

15.    While engaged in the work at the time and place above mentioned, Third-Party Defendant, SKANSKA, its agents, servants and employees were in sole charge and control of construction work and were solely responsible for directing and controlling the work of the Plaintiff.

16.    The Contract between Defendant AMTRAK and Third-Party Defendant, SKANSKA relating to the Project was in full force and effect on the date of the accident as alleged in Plaintiff's Complaint.

17.    That in said agreement with Defendant AMTRAK, Third-Party Defendant, SKANSKA agreed to defend and indemnify and hold AMTRAK's agents.

18.    Defendant/Third-Party Plaintiff, DMJM is entitled to be indemnified and held harmless by the Third-Party Defendant, SKANSKA, for the claim and suit of the Plaintiff herein.

19.    If Plaintiff, TADDEO is entitled to any recovery against Third-Party Plaintiff, DMJM by reason of the matters alleged in the complaint, which is denied it is because of the fault and neglect of Third-Party Defendant, SKANSKA, servants and employees as above set forth.

4

20.    If liability for the injuries alleged in the complaint is adjudged against Defendant/Third-Party Plaintiff, DMJM, then Defendant/Third-Party Plaintiff DMJM is entitled to full indemnity from Third-Party Defendant, SKANSKA.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ILLINOIS NATIONAL INSURANCE CO.

21.    The Defendant/Third-Party Plaintiff DMJM repeats, reiterates and realleges each and every allegation heretofore alleged with the same force and effect as if more fully set forth herein.

22.    Defendant/Third-Party Plaintiff DMJM was an agent of AMTRAK with respect to the safety responsibility at the project and as a result your insured SKANSKA has a contractual obligation to defend, indemnify and hold harmless DMJM for the above referenced action commenced by Plaintiff Christopher Taddeo.

23.    On May 27, 2008, Third-Party Plaintiff DMJM, through its attorneys, COLLERAN, O'HARA & MILLS, L.L.P., tendered its defense to ILLINOIS NATIONAL, under the Third-party Defendant SKANSKA Project policy seeking coverage there under as AMTRAK's agent.

24.    ILLINOIS NATIONAL has refused and neglected to accept Third-Party Plaintiff DMJM's tender of its defense in this action under Third-party Defendant SKANSKA Project policy.

25.    The failure of ILLINOIS NATIONAL to assume its responsibilities does not measure up to the standards of conduct required and appears to be intentionally wrongful conduct.

26.    Third-Party Plaintiff, DMJM is a direct and third-party beneficiary and otherwise entitled to the benefits and conveys under the Project insurance policies and other contracts and

Agreements by and between the Defendant, AMTRAK and Third-Party Defendant, SLATTERY and therefore Third-Party Plaintiff, DMJM is entitled to a declaratory judgment that Third-Party Defendant, ILLINOIS NATIONAL is required to defend and indemnify and hold harmless the Defendant/Third-Party Plaintiff, DMJM in this action.

**WHEREFORE**, Defendant/Third-Party Plaintiff, DMJM demands judgment over and against the Third-Party Defendant SKANSKA USA CIVIL NORTHEAST INC., for all sums that may be adjudged against it in favor of Plaintiff and DMJM further demands a declaratory judgment that Third-Party Defendant, ILLINOIS NATIONAL is required to defend and indemnify and hold harmless the Defendant/Third-Party Plaintiff, DMJM in the above entitled litigation, and for further relief as the Court deems just and proper.

Dated:  June 10, 2008

COLLERAN, O'HARA & MILLS L.L.P.

By: _____
JOHN STACKPOLE GROARKE (JG-9031)
Attorney for Defendant/Third-Party Plaintiff
DMJM+HARRIS, INC.
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757
jsg@cohmlaw.com


TO:    LAW OFFICES OF MICHAEL FLYNN, P.C.
       Attorneys for Plaintiff
       1205 Franklin Avenue
       Garden City, New York 11530
       (516) 877-1234

RONALD E. JOSEPH, ESQ.
LANDMAN, CORSI, BALLANTINE & FORD, P.C.
Attorneys for Defendant
NATIONAL RAILROAD PASSENGER CORP.
d/b/a AMTRAK
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

HI-TECH BREAKING, INC.
528 Bryant Avenue
Bronx, New York 10474

SKANSKA USA CIVIL NORTHEAST, INC.
16-16 Whitestone Expressway
Whitestone, New York 11357

ILLINOIS NATIONAL INSURANCE CO.
70 Pine Street, 23rd Floor
New York, New York 10270

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTOPHER TADDEO,

            Plaintiff,                           08 Civ. 1561 (SHS)

   -against-

NATIONAL RAILROAD PASSENGER CORP. d/b/a         AMENDED COMPLAINT
AMTRAK; DMJM HARRIS and
HI-TECH BREAKING INC.,

            Defendant.
-------------------------------------------------------------X

## PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiffs CHRISTOPHER TADDEO (hereinafter "Plaintiff"), by his attorneys, Law Offices of

Michael Flynn, PC, complain of the defendant and alleges:

## JURISDICTION

    FIRST:     Jurisdiction of the Court is based upon diversity of citizenship pursuant to 28

U.S.C. §1332 and the Court's ancillary jurisdiction.

    SECOND:    The amount in controversy exceeds the jurisdictional limits of this Court, exclusive

of costs and interest.

    THIRD:    Plaintiff CHRISTOPHER TADDEO is a resident of the State of New York,

residing in Richmond County, NY.

    FOURTH:    Defendant NATIONAL RAILROAD PASSENGER CORP. (hereinafter

"AMTRAK") is a foreign corporation with its principal place of business located at 60 Massachusetts

Avenue, Washington, D.C.

    FIFTH:    Defendant AMTRAK operates passenger trains in interstate commerce and

maintained, operated and controlled Pennsylvania Station, New York which contained defendant's tracks,

rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant

operated engines, trains and cars under its control and direction within the jurisdiction of the Southern

District of New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

<u>SIXTH:</u>    On or before June 18, 2007, AMTRAK requested and directed certain vendors, including Skanska USA Civil North East, Inc. ("Slattery-Skanska") herein to perform work that involved, *inter alia*, construction work in and around a tunnel known as East River Tunnel 1 connecting Queens and New York counties, including the shafts leading to the tunnel servicing Pennsylvania Station, New York, all owned and operated by defendant AMTRAK.

<u>SEVENTH:</u>    On or before June 18, 2007, AMTRAK entered into a written contract with Slattery Skanska to provide electrical services with regard to Tunnel 1 and its shaft.

<u>EIGHTH:</u>    On or about June 18, 2007 and at all times relevant, Slattery Skanska was requested by AMTRAK to be at the Accident Site for construction related purposes.

<u>NINTH:</u>    On or about June 18, 2007 and at all times relevant, Plaintiff CHRISTOPHER TADDEO worked as a drill runner for Slattery Skanska.

<u>TENTH:</u>    On or about June 18, 2007, Plaintiff was working in defendant AMTRAK'S First Avenue vent shaft to East River Tunnel 1 at 33rd Street in New York City as a drill runner on behalf of Skanska Slattery (hereinafter "Accident Site").

<u>ELEVENTH:</u>    On or about June 18, 2007, Plaintiff incurred an electrical shock as a result of the negligence of Amtrak in failing to control water leakage; in failing to bond and ground electrical lines in the East River Tunnel.

<u>TWELFTH:</u>    At the time Plaintiff was shocked, he was lawfully at the Accident Site within the scope of his employ with Slattery Skanska.

<u>THIRTEENTH:</u>    As a result of the electrical shocking, Plaintiff was caused to suffer severe and disabling injuries.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST AMTRAK
### (Negligence)

FOURTEENTH:     Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

FIFTEENTH:  Plaintiff CHRISTOPHER TADDEO's injuries were caused solely due to the negligence of AMTRAK: in failing to inspect, maintain, repair, bond and ground electrical lines; in failing to repair known arcing problems at and near the Accident Site; in failing to control water leakage at or near the accident site; and, in failing to enact and enforce safety, maintenance, operating and inspection rules, regulations procedures and practices which would have prevented plaintiffs' injuries.

SIXTEENTH: Plaintiffs' injuries were caused solely by the negligence of AMTRAK without any negligence on the part of the plaintiffs contributing thereto.

SEVENTEENTH:     As a result of AMTRAK's negligence, plaintiff CHRISTOPHER TADDEO is entitled to an award of at least ONE MILLION DOLLARS ($1,000,000).

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST AMTRAK
### (Gross Negligence)

EIGHTEENTH:     Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

NINETEENTH:     Upon information and belief, AMTRAK knew prior to the Accident Site was the subject of arcing incidents prior to the accident in question.

TWENTIETH:     After knowing that the Accident Site was the subject of arcing incidents prior to the accident in question and without repairing the cause of the arcing, AMTRAK advised Slattery Skanska that it was safe to work in the area.

TWENTY-FIRST:     AMTRAK's statement that work could resume in or near the Accident Site without repairing the cause of the arcing was a wanton, reckless and willful disregard for the safety of the plaintiff and the general public.

**TWENTY-SECOND:**    AMTRAK's conduct as described above constituted gross negligence.

**TWENTY-THIRD:**    Plaintiff reasonably relied on AMTRAK'S statements and conduct in performing work at the accident site.

**TWENTY-FOURTH:** As a result of AMTRAK's gross negligence, plaintiff CHRISTOPHER TADDEO is entitled to an award of damages of at least ONE MILLION DOLLARS ($1,000,000), as well as an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST AMTRAK
### (Res Ipsa Loquitur)

**TWENTY-FIFTH:**    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

**TWENTY-SIXTH:**    The incident causing Plaintiff's injuries would not have occurred in the absence of negligence.

**TWENTY-SEVENTH:**    The incident causing Plaintiff's injuries was caused by an agency or instrumentality within the exclusive control of AMTRAK.

**TWENTY-EIGHTH:** The incident causing Plaintiff's injuries was not due to any voluntary action or contribution on the part of plaintiff.

**TWENTY-NINTH:**    As a result of AMTRAK's negligence, Plaintiff CHRISTOPHER TADDEO is entitled to an award of at least ONE MILLION DOLLARS ($1,000,000).

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DMJM HARRIS

**THIRTIETH:** Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

**THIRTY-FIRST:**    At all times relevant to his action, defendant DMJM Harris is a corporation doing business in the State of new York, having a business address of 605 Third Avenue, New York, NY 10158.

THIRTY-SECOND:  At all times relevant to his action, DMJM Harris acted as engineering consultants, site safety engineers, and/or contractors, and/or supervisors at the work location including the location of the incident.

THIRTY-THIRD:   By virtue of such, DMJM Harris assumed and owed plaintiff a duty to not subject him to extraordinary dangers known to it, while plaintiff was performing his required job duties, at the work location and breached such duty.

THIRTY-FOURTH:  DMJM Harris knew, or should have known, with substantial certainty that its conduct of allowing plaintiff to work under the conditions described above, subjected plaintiff to a likelihood of serious injury or death.

THIRTY-FIFTH:    DMJM Harris owed plaintiff a duty to maintain a reasonably safe work site and breached such duty.

THIRTY-SIXTH:    DMJM Harris owed plaintiff a duty to administer safety procedures and to coordinate and ensure job safety, and breach such duty.

THIRTY-SEVENTH: DMJM Harris owed plaintiff a duty to protect him from extreme dangers on the job site and at the work location, of which it was aware or should have been aware, and/or to prevent plaintiff from being assigned to work in a zone of known extreme electrocution hazard ie. The location of the incident, and breached such duties.

THIRTY-EIGHTH:   As a direct and proximate cause of the acts and/or omissions on the part of DMJM Harris, and of the breaches of duty described above, DMJM Harris caused plaintiff to suffer economic, physical and emotional damages, including but not limited to pain and suffering, personal injury, emotional distress, permanent disability, and past and future loss of income.

THIRTY-NINTH:    The acts and omissions of DMJM Harris constituted gross negligence and/or were willful, wanton and egregious in their nature.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST HI-TECH BREAKING INC.

**FORTIETH:**  Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

**FORTY-FIRST:**  At all times relevant to his action, defendant Hi-Tech Breaking Inc. was a corporation doing business in the State of New York, having a business address of 528 Bryant Avenue, Bronx, NY 10474.

**FORTY-SECOND:**  At all times relevant to his action, Hi-Tech Breaking Inc. was primary project consultant and/or general contractor, and/or subcontractor, at the work location.

**FORTY-THIRD:**  By virtue of such, Hi-Tech Breaking Inc. owed plaintiff a duty to protect him from extreme dangers on the job site and at the work location of which it was aware or should have been aware, and/or to prevent plaintiff from being assigned to work in a zone of known extreme electrocution hazard ie. the location of the incident, and breached such duties.

**FORTY-FOURTH:**  Hi-Tech Breaking Inc. knew, or should have known, with substantial certainty that its conduct of allowing plaintiff to work under the conditions described above, subjected plaintiff to a likelihood of serious injury or death.

**FORTY-FIFTH:**  Hi-Tech Breaking Inc. owed plaintiff a duty to maintain a reasonably safe work site and breach such duty.

**FORTY-SIXTH:**  Hi-Tech Breaking Inc. owed plaintiff a duty to administer safety procedures and to coordinate and ensure job safety and breached such duty.

**FORTY-SEVENTH:**  Hi-tech Breaking Inc. owed plaintiff a duty to protect him from kown extreme dangers on the job site and at the work location, and to prevent plaintiff from being assigned to work in a zone of known extreme electrocution hazard ie. the location of the incident, and breached such duties.

**FORTY-EIGHTH:**  As a direct and proximate cause of the acts and/or omissions on the part of Hi-Tech Breaking Inc. and of the breaches of duty described above, Hi-Tech Breaking Inc. caused

plaintiff to suffer economic, physical and emotional damages, including but not limited to pain and suffering, personal injury, emotional distress, permanent disability, and past and future loss of income.

<u>FORTY-NINTH:</u>    The acts and omissions of Hi-Tech Breaking Inc. constituted gross negligence and/or were willful, wanton and egregious in their nature.

**WHEREFORE**, plaintiff demand's judgment on the

First Cause of Action in the sum of          ONE MILLION DOLLARS ($1,000,000);

Second Cause of Action in the sum of          ONE MILLION DOLLARS ($1,000,000)
                                                                            plus punitive damages;

Third Cause of Action in the sum of          ONE MILLION DOLLARS ($1,000,000);

Fourth Cause of Action in the sum of          ONE MILLION DOLLARS ($1,000,000);
                                                                           Plus punitive damages;

Fifth Cause of Action in the sum of          ONE MILLION DOLLARS ($1,000,000);
                                                                         Plus punitive damages;

and plaintiff demands costs, disbursements and pre-judgment and post-judgment interest on all causes of action, plus such other and further relief as is deemed proper.

Law Offices of Michael Flynn, PC
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234

By: _____
      Michael Flynn

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER TADDEO

                             Plaintiff,

NATIONAL RAILROAD PASSENGER
CORP., d/b/a AMTRAK, DMJM HARRIS,
& HI-TECH BREAKING, INC.,

                             Defendants.
------------------------------------------------------------X

CIVIL ACTION NO.:
08-CV-1561 (SHS)

ANSWER, AFFIRMATIVE
DEFENSES AND CROSS-
CLAIMS

     Defendant, DMJM+HARRIS, INC., i/s/h/a DMJM HARRIS, by its attorneys, COLLERAN, O'HARA & MILLS L.L.P. answers the allegations contained in the Complaint as follows:

## JURISDICTION AND VENUE

     1.     With respect to the allegations contained in Paragraph "1" of the complaint, admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to the statutes cited, but denies that Plaintiff's claim arises under diversity jurisdiction or the Court's ancillary jurisdiction.

     2.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "SECOND" of the Complaint.

     3.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "THIRD" of the Complaint.

     4.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FOURTH" of the Complaint.

     5.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FIFTH" of the Complaint.

1

6.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "SIXTH" of the Complaint.

7.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "SEVENTH" of the Complaint

8.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "EIGHTH" of the Complaint.

9.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "NINTH" of the Complaint.

10.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TENTH" of the Complaint.

11.      Denies the truth of the allegations contained in Paragraph "ELEVENTH" of the Complaint.

12.      Denies the truth of the allegations contained in Paragraph "TWELFTH" of the Complaint.

13.      Denies the truth of the allegations contained in Paragraph "THIRTEENTH" of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

14.      Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "FIRST" through "THIRTEENTH" as if more fully and completely restated herein.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FIFTEENTH" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "SIXTEENTH" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "SEVENTEENTH" of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

18.     Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraph "FIRST" through "SEVENTEENTH" as if more fully and completely restated herein

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "NINETEENTH" of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTIETH" of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-FIRST" of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-SECOND" of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-THIRD of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-FOURTH" of the Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

25.    Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "FIRST" through "TWENTY-FOURTH" as if more fully and completely restated herein

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-SIXTH" of the Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-SEVENTH" of the Complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-EIGHTH" of the Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "TWENTY-NINTH" of the Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

30.    Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "FIRST" through "TWENTY-NINTH" as if more fully and completely restated herein.

31.    Denies the truth of the allegations contained in Paragraph "THIRTY-SECOND" of the Complaint.

32.    Admits that DMJM+HARRIS, INC. was a New York corporation with offices located at 605 Third Avenue, New York, New York 10158.

33.    Denies the truth of the allegations contained in Paragraph "THIRTY-THIRD" of the Complaint.

4

34.    Denies the truth of the allegations contained in Paragraph "THIRTY-FOURTH" of the Complaint.

35.    Denies the truth of the allegations contained in Paragraph "THIRTY-FIFTH" of the Complaint.

36.    Denies the truth of the allegations contained in Paragraph "THIRTY-SIXTH" of the Complaint.

37.    Denies the truth of the allegations contained in Paragraph "THIRTY-SEVENTH" of the Complaint.

38.    Denies the truth of the allegations contained in Paragraph "THIRTY-EIGHTH" of the Complaint.

39.    Denies the truth of the allegations contained in Paragraph "THIRTY-NINTH" of the Complaint.

## ANSWER TO THE FIFTH CAUSE OF ACTION

40.    Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "FIRST" through "THIRTY-NINTH" as if more fully and completely restated herein.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-FIRST" of the Complaint.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-SECOND" of the Complaint.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-THIRD" of the Complaint.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-FOURTH" of the Complaint.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-FIFTH" of the Complaint.

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-SIXTH" of the Complaint.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-SEVENTH" of the Complaint.

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-EIGHTH" of the Complaint.

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "FORTY-NINTH" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50.    The Complaint fails to state a cause of action as against the answering defendant upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51.    This Court lacks subject matter jurisdiction of the claims alleged in the Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52.    Any damage or damages sustained by the Plaintiff was not caused by any negligence or carelessness on the part of this answering defendant, its servants, agents or employees, but was caused solely by the negligence and carelessness of the Plaintiff and that

such conduct requires diminution of any award, verdict, or judgment that the Plaintiff may recover against this answering defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53.    This answering defendant did not direct or control the means or methods utilized by the Plaintiff to perform the activity during which his claimed injury occurred and therefore any damages sustained by the Plaintiff were not caused by any negligence or carelessness on the part of this answering defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54.    The Plaintiff assumed the risk of all the dangers attendant upon the activity in which Plaintiff was engaged at the time of the alleged accident and is, therefore, barred from recovering on the claim asserted.  That all the damages and risks incident to the situation mentioned in the Complaint were open, obvious and apparent and were known and assumed by the Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55.    The negligence of a third person or entity over whom the answering defendant had/has no control, was a superseding cause of his alleged injuries and insulates answering defendant from liability.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

56.    In the event that it is determined that Plaintiff is entitled to damages, the amount of damages shall be reduced and diminished based on his own culpable conduct and/or failure to mitigate damages.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

57.    Any damage or damages sustained by the Plaintiff was not caused by any negligence or carelessness on the part of this answering defendant, its servants, agents or employees, but was caused solely by the Plaintiff's failure to use safety devices that were provided by the owner and/or his employer.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58.    If Plaintiff has sustained any damages in this matter, which answering Defendant denies, then answering Defendant's liability, if any, shall be limited in accordance with Article 16 of New York Civil Practice Laws and Rules.

### CROSS-CLAIMS AGAINST ALL CO-DEFENDANTS
### AS AND FOR A FIRST CROSS-CLAIM

59.    Any damages sustained by the Plaintiff was caused in whole or in part by the acts or omissions or culpable conduct of the other defendants, who are or may be liable to the answering defendant for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract between them, actual or implied, and not due in whole or in part to any act or omission or culpable conduct on the part of this answering defendant.

### AS AND FOR A SECOND CROSS-CLAIM

60.    That if Plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendant is liable to Plaintiff herein, all of which is specifically denied, then said answering defendant is entitled to indemnification from and judgment over against the co-defendants, for all or part of any verdict or judgment that Plaintiff may recover against said answering defendant.

## AS AND FOR A THIRD CROSS-CLAIM

61.    The answering defendant herein demands that the liability, if any, be apportioned and, therefore, the co-defendants will be liable to this answering defendant in the event judgment is recovered by the Plaintiff in an amount equal to the excess over and above this answering defendant's equitable share of the judgment.   The equitable share of the judgment of the answering defendant will be determined in accordance with the relative culpability of all the defendants minus the culpable share of the Plaintiff.

**WHEREFORE,** the answering defendant, DMJM+HARRIS, INC., respectfully requests that this Court grant Judgment dismissing the Complaint against it, and award DMJM+HARRIS, INC., the costs and disbursements of this action, and further demands that the ultimate rights of all the parties be determined in this action and that the answering defendant, DMJM+HARRIS, INC. have judgment over and against the above named co-defendants for all or part of any verdict against this answering defendant, together with costs and disbursements and attorneys' fees of this action and for such other and further relief as to the Court may deem seem just and proper.

Dated:  June 6, 2008

COLLERAN, O'HARA & MILLS, L.L.P.

By: _____

JOHN STACKPOLE GROARKE (JG-9031)
Attorney for Defendant,
DMJM+HARRIS, INC.
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757

9

TO:    LAW OFFICES OF MICHAEL FLYNN, P.C.
       Attorneys for Plaintiff
       1205 Franklin Avenue
       Garden City, New York 11530
       (516) 877-1234

       LANDMAN, CORSI, BALLAINE & FORD, PC
       Attorneys for Defendant AMTRAK
       120 Broadway, 27th Floor
       New York, New York 10271-0079
       (212) 238-4800

       HI-TECH BREAKING, INC.
       528 Bryant Avenue
       Bronx, New York 10474