UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER TADDEO,

                    Plaintiff,   **ANSWER TO AMENDED**
- against -   **COMPLAINT**

NATIONAL RAILROAD PASSENGER   08 CV 01561 (SHS)
CORPORATION, d/b/a AMTRAK, DMJM
HARRIS and HI-TECH BREAKING INC.,

                    Defendants.
------------------------------------------------------------X

      Defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC. ("Defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Amended Complaint herein as follows:

## ANSWER AS TO JURISDICTION

    1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "First" of the Amended Complaint.

    2.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Second" of the Amended Complaint.

    3.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Third" of the Amended Complaint.

    4.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Fourth" of the Amended Complaint except admit that Defendant National Railroad Passenger Corp. (hereinafter "AMTRAK") is a foreign corporation with its principal place of business located in Washington, D.C.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Fifth" of the Amended Complaint except admit that defendant AMTRAK operates passenger trains in interstate commerce and operated engines, trains and cars under its control and direction within the jurisdiction of the Southern District of New York.

## ANSWER AS TO FACTS COMMON TO ALL CAUSES OF ACTION

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Sixth" of the Amended Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Seventh" of the Amended Complaint and refers all matters of all law to the Court.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Eighth" of the Amended Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Ninth" of the Amended Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Tenth" of the Amended Complaint.

11. Defendants deny the truth of each and every allegation contained in paragraph "Eleventh" of the Amended Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twelfth" of the Amended Complaint and refer all matters of law to the Court.

13. Defendants deny the truth of each and every allegation contained in paragraph "Thirteenth" of the Amended Complaint.

## ANSWER AS TO THE FIRST CAUSE OF ACTION

14. With respect to the allegations contained in paragraph "Fourteenth" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "First" through "Thirteenth" of this Answer with the same force and effect as if fully set forth at length herein.

15. Defendants deny the truth of each and every allegation contained in paragraph "Fifteenth" of the Amended Complaint.

16. Defendants deny the truth of each and every allegation contained in paragraph "Sixteenth" of the Amended Complaint.

17. Defendants deny the truth of each and every allegation contained in paragraph "Seventeenth" of the Amended Complaint.

## ANSWER AS TO THE SECOND CAUSE OF ACTION

18. With respect to the allegations contained in paragraph "Eighteenth" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "First" through "Seventeenth" of this Answer with the same force and effect as if fully set forth at length herein.

19. Defendants deny the truth of each and every allegation contained in paragraph "Nineteenth" of the Amended Complaint.

20. Defendants deny the truth of each and every allegation contained in paragraph "Twentieth" of the Amended Complaint.

21. Defendants deny the truth of each and every allegation contained in paragraph "Twenty-First" of the Amended Complaint.

22. Defendants deny the truth of each and every allegation contained in paragraph "Twenty-Second" of the Amended Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twenty-Third" of the Amended Complaint.

24. Defendants deny the truth of each and every allegation contained in paragraph "Twenty-Fourth" of the Amended Complaint.

## ANSWER AS TO THE THIRD CAUSE OF ACTION

25. With respect to the allegations contained in paragraph "Twenty-Fifth" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "First" through "Twenty-Fourth" of this Answer with the same force and effect as if fully set forth at length herein.

26. Defendants deny the truth of each and every allegation contained in paragraph "Twenty-Sixth" of the Amended Complaint.

27. Defendants deny the truth of each and every allegation contained in paragraph "Twenty-Seventh" of the Amended Complaint.

28. Defendants deny the truth of each and every allegation contained in paragraph "Twenty-Eighth" of the Amended Complaint.

29. Defendants deny the truth of each and every allegation contained in paragraph "Twenty-Ninth" of the Amended Complaint.

## ANSWER AS TO THE FOURTH CAUSE OF ACTION

30. With respect to the allegations contained in paragraph "Thirtieth" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "First" through "Twenty-Ninth" of this Answer with the same force and effect as if fully set forth at length herein.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-First" of the Amended Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Second" of the Amended Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Third" of the Amended Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Fourth" of the Amended Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Fifth" of the Amended Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Sixth" of the Amended Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Seventh" of the Amended Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Eighth" of the Amended Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Thirty-Ninth" of the Amended Complaint.

### ANSWER AS TO THE FIFTH CAUSE OF ACTION

40. With respect to the allegations contained in paragraph "Fortieth" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "First" through "Thirty-Ninth" of this Answer with the same force and effect as if fully set forth at length herein.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-First" of the Amended Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Second" of the Amended Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Third" of the Amended Complaint and refer all matters of law to the Court.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Fourth" of the Amended Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Fifth" of the Amended Complaint and refer all matters of law to the Court.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Sixth" of the Amended Complaint and refer all matters of law to the Court.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Seventh" of the Amended Complaint and refer all matters of law to the Court.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Eighth" of the Amended Complaint and refer all matters of law to the Court.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Ninth" of the Amended Complaint and refer all matters of law to the Court.

### FIRST AFFIRMATIVE DEFENSE

50. Any injuries suffered by plaintiff were caused solely by his own negligence and not by any negligence of the defendants.

### SECOND AFFIRMATIVE DEFENSE

51. Any injuries suffered by plaintiff were caused, in part, by his own negligence, and any recovery by plaintiff must be diminished in proportion to that part of his injuries attributable to his own negligence.

### THIRD AFFIRMATIVE DEFENSE

52. Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendants or any individual acting under its direction or control.

### FOURTH AFFIRMATIVE DEFENSE

53. If plaintiff has sustained any damages in this matter, which defendants deny, then defendants's liability, if any, shall be limited in accordance with Article 16 of the New York Civil

Practice Law and Rules.

### FIFTH AFFIRMATIVE DEFENSE

54. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

55. Plaintiff fails to state a cause of action upon which relief may be granted.

### FIRST CROSS CLAIM

56. If defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC. are found liable to plaintiff in this action, defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC., allege that such liability is the result, either wholly or in part, of the negligence, acts and omissions of defendants DMJM HARRIS, thereby entitling defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC. to indemnification or contribution from defendant DMJM HARRIS for such liability.

57. That by reason of the foregoing, defendant DMJM HARRIS will be liable to defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC., in the event judgment is recovered by plaintiff in the amount of said judgment or in an amount equal to the excess over and above defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC.'s equitable share of such judgment. The equitable shares of any judgment recovered by plaintiff is to be determined in accordance with the relative culpability of defendants.

## SECOND CROSS CLAIM

58.    If defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC. are found liable to plaintiff in this action, defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC. allege that defendant DMJM HARRIS would be liable for said judgment or settlement pursuant to contractual agreement(s).

## THIRD CROSS CLAIM

59.    Defendant DMJM HARRIS failed to procure insurance as required by the contractual agreement(s) and is therefore liable to NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC. for all fees and costs incurred in defending Defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC. together with any possible judgment against Defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC. in this action.

**WHEREFORE**, defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC., demand judgment dismissing the Complaint herein, together with the costs and disbursements of this action; and further demand that in the event plaintiff recovers judgment against defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC., then defendants NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK and HI-TECH BREAKING INC. demand judgment over and against defendant DMJM HARRIS, for the amount of any such judgment, or in an amount equal to the excess over and above its equitable share of any such

464838.1 DocsNY

judgment, together with the costs and disbursements of this action.

Dated:  New York, New York
        July 8, 2008

                                    Respectfully submitted,

                                    LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
                                    Ronald E. Joseph (RJ9302)
                                    Attorneys for Defendants
                                    NATIONAL RAILROAD PASSENGER
                                    CORPORATION, d/b/a AMTRAK and HI-TECH
                                    BREAKING INC.
                                    120 Broadway, 27th Floor
                                    New York, New York  10271-0079
                                    (212) 238-4800

TO:    Law Offices of Michael Flynn, PC
        Attorneys for Plaintiff
        1205 Franklin Avenue
        Garden City, NY 11530
        (516) 877-1234

        COLLERAN, O'HARA & MILLS, L.L.P.
        John Stackpole Groarke (JG-9031)
        Attorneys for Defendant/Third-Party Plaintiff
        DMJM+HARRIS, INC.
        1225 Franklin Avenue, Suite 450
        Garden City, New York 11530
        (516) 248-5757

464838.1 DocsNY

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

**TANYA KENNEDY**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

That on the 9th day of July, 2008, deponent served the within **ANSWER TO AMENDED COMPLAINT**

upon

> Law Offices of Michael Flynn, PC
> Attorneys for Plaintiff
> 1205 Franklin Avenue
> Garden City, NY 11530
>
> COLLERAN, O'HARA & MILLS, L.L.P.
> John Stackpole Groarke (JG-9031)
> Attorneys for Defendants/ Third Party
> Plaintiff DMJM+HARRIS, INC.
> 1225 Franklin Avenue, Suite 450
> Garden City, New York 11530

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

_____
Tanya Kennedy

Sworn to before me this
9th    day of July, 2008

_____
Notary
REGINA CAJIGAS
Notary Public, State of New York
No. 01CA6032498
Qualified in Kings County
Commission Expires November 1, 20 09