UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CHRISTOPHER TADDEO,

                Plaintiff,

    - against -

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK, DMJM HARRIS,
HI-TECH BREAKING, INC.,

                Defendants.

------------------------------------------------------------------X

DMJM HARRIS,

        Third-Party Plaintiff,

    -against-

SKANSKA USA CIVIL NORTHEAST INC.,
and ILLINOIS NATIONAL INSURANCE CO.,

        Third-Party Defendants.

------------------------------------------------------------------X.

**ANSWER TO THIRD-PARTY COMPLAINT**

08 CV 01561 (SHS)

    Third-Party defendant SKANSKA USA CIVIL NORTHEAST INC. ("Skanska"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Third-Party Complaint herein as follows:

## ANSWER AS TO PARTIES

    1.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "First" of the Third-Party Complaint.

    2.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Second" of the Third-Party Complaint.

3.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Third" of the Third-Party Complaint except admits that Third-Party Defendant Skanska is a corporation with a place of business at 16-16 Whitestone Expressway, Whitestone, New York 11357.

4.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Fourth" of the Third-Party Complaint.

5.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Fifth" of the Third-Party Complaint.

## ANSWER AS TO JURISDICTION AND VENUE

6.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Sixth" of the Third-Party Complaint and refers all matters of all law to the Court.

7.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Seventh" of the Third-Party Complaint and refers all matters of all law to the Court.

## ANSWER AS TO BACKGROUND

8.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Eighth" of the Third-Party Complaint.

9.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Ninth" of the Third-Party Complaint.

10.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Tenth" of the Third-Party Complaint and refers all matters

of all law to the Court.

     11.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Eleventh" of the Third-Party Complaint and refers all matters of all law to the Court.

     12.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twelfth" of the Third-Party Complaint and refers all matters of all law to the Court.

## ANSWER AS TO THE FIRST CAUSE OF ACTION

     13.    With respect to the allegations contained in paragraph "Thirteenth" of the Third-Party Complaint, Skanska repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Twelfth" of this Answer with the same force and effect as if fully set forth at length herein.

     14.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Fourteenth" of the Third-Party Complaint and refers all matters of all law to the Court.

     15.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Fifteenth" of the Third-Party Complaint and refers all matters of all law to the Court.

     16.    Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Sixteenth" of the Third-Party Complaint and refers all matters of all law to the Court.

17.     Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Seventeenth" of the Third-Party Complaint.

18.     Skanska denies the truth of each and every allegation contained in paragraph "Eighteenth" of the Third-Party Complaint.

19.     Skanska denies the truth of each and every allegation contained in paragraph "Eighteenth" of the Third-Party Complaint.

20.     Skanska denies the truth of each and every allegation contained in paragraph "Eighteenth" of the Third-Party Complaint.

## ANSWER AS TO THE SECOND CAUSE OF ACTION

21.   With respect to the allegations contained in paragraph "Twenty-First" of the Third-Party Complaint, Skanska repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Twenty" of this Answer with the same force and effect as if fully set forth at length herein.

22.     Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twenty-Second" of the Third-Party Complaint.

23.     Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twenty-Third" of the Third-Party Complaint.

24.     Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twenty-Fourth" of the Third-Party Complaint.

25.   Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twenty-Fifth" of the Third-Party Complaint.

26. Skanska denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Twenty-Sixth" of the Third-Party Complaint.

### FIRST AFFIRMATIVE DEFENSE

27. Any injuries suffered by plaintiff were caused solely by his own negligence and not by any negligence of the defendants.

### SECOND AFFIRMATIVE DEFENSE

28. Any injuries suffered by plaintiff were caused, in part, by his own negligence, and any recovery by plaintiff must be diminished in proportion to that part of his injuries attributable to his own negligence.

### THIRD AFFIRMATIVE DEFENSE

29. Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendants or any individual acting under its direction or control.

### FOURTH AFFIRMATIVE DEFENSE

30. If plaintiff has sustained any damages in this matter, which defendant denies, then defendant's liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

### FIFTH AFFIRMATIVE DEFENSE

31. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

32. Skanska USA Civil Northeast Inc. is not a proper party to this action.

464818.1 DocsNY

## SEVENTH AFFIRMATIVE DEFENSE

33.    The injuries allegedly sustained by plaintiff and/or third-party plaintiff was caused in whole or in part by the culpable conduct of plaintiff and/or third-party plaintiffs and/or co-defendants and/or other persons or entities over whom third-party defendant Skanska had or has no control.

## EIGHTH AFFIRMATIVE DEFENSE

34.    If plaintiff and/or third-party plaintiff have sustained any damages in this matter, the answering third-party defendant's liability, if any, which is expressly denied, shall be limited in accordance with Article 16, of the New York Civil Practice Law and Rules.

## NINTH AFFIRMATIVE DEFENSE

35.    Plaintiff and/or third-party plaintiff have failed to mitigate or otherwise act to lessen or reduce the damages alleged in the complaint.

## TENTH AFFIRMATIVE DEFENSE

36.    Third-Party Plaintiff's claims are barred by General Obligations Law §5-322.1.

## ELEVENTH AFFIRMATIVE DEFENSE

37.    Third-Party plaintiff's claims are barred by the New York State Workers' Compensation Laws.

## TWELFTH AFFIRMATIVE DEFENSE

38.    In the event plaintiff(s) recover a verdict or judgment against this third-party defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545 (c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff(s), in whole or in part, for any past or future claimed economic loss, from any collateral source as insurance, social security, workers' compensation or employee benefit programs.

464818.1 DocsNY

## THIRTEENTH AFFIRMATIVE DEFENSE

39.    This court does not have subject matter jurisdiction over this matter.

**WHEREFORE**, Third-Party Defendant SKANSKA USA CIVIL NORTHEAST INC.

demands judgment dismissing the Third-Party Complaint herein, together with the costs and

disbursements of this action.

Dated:  New York, New York
        July 8, 2008

                                        Respectfully submitted,

                                        LANDMAN CORSI BALLAINE & FORD P.C.

                        By:    _____
                               Ronald E. Joseph (RJ9702)
                               Attorneys for Defendants
                               NATIONAL RAILROAD PASSENGER
                               CORPORATION, HI-TECH BREAKING, INC.
                               and SKANSKA USA CIVIL NORTHEAST INC.
                               120 Broadway, 27th Floor
                               New York, New York  10271-0079
                               (212) 238-4800


TO:    COLLERAN, O'HARA & MILLS, L.L.P.
       John Stackpole Groarke (JG-9031)
       Attorneys for Defendant/Third-Party Plaintiff
       DMJM+HARRIS, INC.
       1225 Franklin Avenue, Suite 450
       Garden City, New York 11530
       (516) 248-5757

       Law Offices of MICHAEL FLYNN, PC
       Attorneys for Plaintiff
       1205 Franklin Avenue
       Garden City, NY 11530
       (516) 877-1234


464818.1 DocsNY

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )


    **TANYA KENNEDY**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

    That on the 9th day of July, 2008, deponent served the within **ANSWER TO THIRD-PARTY COMPLAINT**

upon

               Law Offices of Michael Flynn, PC
               Attorneys for Plaintiff
               1205 Franklin Avenue
               Garden City, NY 11530

               COLLERAN, O'HARA & MILLS, L.L.P.
               John Stackpole Groarke (JG-9031)
               Attorneys for Defendants/ Third Party
               Plaintiff DMJM+HARRIS, INC.
               1225 Franklin Avenue, Suite 450
               Garden City, New York 11530

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                        _____
                                        Tanya Kennedy

Sworn to before me this
  9th    day of July, 2008

_____
         Notary

JELENA BRIGIDA
Notary Public, State of New York
No. 01BR6156932
Qualified in Kings County
Commission Expires Dec. 4, 2010